UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**STUART MICHAEL SIMONSEN**,

Debtor.

Case No. **14-60015-7**

**MEMORANDUM OF DECISION**

At Butte in said District this 15th day of April, 2014.

In this Chapter 7 case creditor Krohne Fund, LP ("Krohne Fund") filed a Motion to Modify Stay (Document No. 27 – hereinafter the "Motion") based upon 11 U.S.C. § 362(d)(1) seeking relief from the automatic stay for "cause" in order to proceed with litigation against the Debtor in the U.S. District Court for the District of Montana, Cause No. CV-12-04-BLG-SEH, *Krohne Fund, LP, Plaintiff vs. Stuart M. Simonsen, and Kapidyia Capital Partners, LLC*, Defendants (the "Civil Cause"), which was scheduled for a jury trial immediately prior to the Debtor's filing of his bankruptcy petition. Debtor filed an Objection (Doc. 46), and a hearing on Krohne Fund's Motion was held at Great Falls on April 4, 2014. The parties appeared represented by counsel. Exhibits were admitted and witness testimony and attorney argument were heard. At the conclusion of the parties' cases-in-chief the Court deemed the matter submitted and took Krohne Fund's Motion under advisement. After review of Motion,

1

Objection, the record, and applicable law, for the reasons set forth below Debtor's Objection is overruled and Krohne Fund's Motion to Modify Stay will be granted by separate Order.

Krohne Fund was represented at the hearing by attorney Joel E. Guthals of Guthals, Hunnes & Reuss, P.C., of Billings. Debtor Stuart Michael Simonsen ("Debtor" or "Simonsen") appeared and testified, represented by attorney Gary S. Deschenes (Deschenes") of Deschenes & Associates Law Offices of Great Falls. Exhibits ("Ex.") 1 and 2 were admitted into evidence without objection, and Krohne Fund's trial attorney in the Civil Cause Michael Ozier ("Ozier") testified. The Court granted Krohne Fund's request to take judicial notice of Ex. 1 and 2 from the Civil Cause record, which consist of the district court's final pretrial order (Ex. 1) and order staying proceedings and vacating trial date entered on January 13, 2014.

This Court has jurisdiction of this Chapter 7 case under 28 U.S.C. § 1334(a). Krohne Fund's Motion to Modify Stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

No dispute exists about certain agreed background facts, which are set forth at pages 4 and 5 of Ex. 1, the final pretrial order entered in the Civil Cause CV 12-04-BLC-SEH. Krohne Fund entered into a managed account agreement with Kapidyia Capital Partners, LLC ("Kapidyia") to use a trading system which was based on trading algorithms developed by Simonsen and marketed by Kapidyia. Krohne Fund's fund manager met with Simonsen in August of 2011 to discuss the trading system shortly before Krohne Fund entered into the agreement. Krohne Fund stopped trading and withdrew the balance in its account on November 30, 2011. Ex. 1.

Krohne Fund initiated the Civil Cause against Simonsen and Kapidyia in January 2012. Krohne Fund filed a first amended complaint seeking damages under state law claims for relief

including breach of contract against Kapidyia, promissory estoppel against Simonsen, and fraud, constructive fraud, and negligent misrepresentation against both defendants. Ex. 1. Krohne Fund also seeks punitive damages against both defendants for actual fraud. The defendants filed an answer in June of 2012 denying all claim. Both defendants are represented in the Civil Cause by attorney Tom Singer.

Ozier testified that defendants demanded a jury trial in the Civil Cause, that all pretrial proceedings were concluded and that the trial of the Civil Cause was ready to begin on January 14, 2014. Witnesses and exhibits had been identified, and witnesses were prepared to fly into Billings for trial. Trial briefs were filed. Ozier testified that he prepared for trial over the weekend. He testified that defendants' attorney telephoned him on Monday morning, January 13, 2014, and told him that Simonsen had filed a petition for bankruptcy relief. Ozier checked with Guthals to verify the bankruptcy filing, then he called Judge Haddon's chambers and informed the district court of Simonsen's bankruptcy. Judge Haddon entered Ex. 2 on January 13, 2014, vacating the trial date and staying all proceedings pending further order.

Simonsen commenced this bankruptcy case by filing a voluntary chapter 11 petition on January 10, 2014. Krohne Fund filed its Motion to Modify Stay on January 29, 2014, seeking relief from the stay to proceed with adjudication of the Civil Cause in the district court. Ozier testified that Krohne Fund has expended approximately $85,000 in preparation for trial of the Civil Cause and that it expects to expend another $15,000 to $20,000 on trial of the Civil Cause for airfare and hotels for witnesses, as well as attorney fees.

Debtor's Schedule F lists Krohne Fund as a creditor with a disputed unsecured nonpriority claim in an "unknown" amount based on a breach of contract claim. To date, no

claims bar date has been fixed in this case. Krohne Fund requested and was granted an extension until July 1, 2014, to file a complaint objecting to Debtor' discharge, to determine dischargeability of debt and to object to exemptions. Ozier testified that Krohne Fund would have to file a proof of claim and adversary proceeding in this Court if its Motion is not granted, and would have to go through another trial on dischargeability and discharge claims where the same witnesses and exhibits would be offered.

Simonsen testified that Kapidyia is a defunct company with no assets, and that he filed his bankruptcy petition because he was not able to pay for the cost of trial, which he estimated would cost about $60,000. He testified that he has a default judgment against him in favor of an unrelated creditor for $19 million. Simonsen testified that he would not consent to entry of judgment against himself in the Civil Cause, and that the allegations of Krohne Fund against him are false, but he cannot afford to defend the Civil Cause.

## DISCUSSION

Under 11 U.S.C. § 362(g), a creditor has the burden of proving that a debtor does not have equity in property, while the debtor has the burden of proof on all other issues to show that the stay should not be modified. *In re Mittlestadt ("Mittlestadt")*, 20 Mont. B.R. 46, 52 (Bankr. D. Mont. 2002); *In re Hungerford ("Hungerford")*, 19 Mont. B.R. 103, 133-34 (Bankr. D. Mont. 2001); *In re National Environmental Waste* Corp., 191 B.R. 832, 836 (Bankr. C.D. Cal. 1996), *aff'd*, 129 F.3d 1052 (9th Cir. 1997). Krohne Fund's Motion to Modify Stay states that it is based on § 362(d)(1) for "cause."

This Court explained the standard for modifying the stay for "cause" under § 362(d)(1) in *In re Westco Energy, Inc. ("Westco")*, 18 Mont. B.R. 199, 211-12 (Bankr. D. Mont. 2000):

4

      Section 362(d), however, provides that, "[on request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay" in three instances.  The subsection relevant to these proceedings is § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause".  What constitutes cause for purposes of § 362(d) "has no clear definition and is determined on a case-by-case basis." *Tucson Estates*, 912 F.2d at 1166.  *See also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In the Matter of Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (Relief from the automatic stay may "be granted 'for cause,' a term not defined in the statute so as to afford flexibility to the bankruptcy courts.").

      Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion.  *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer ("Plummer")*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

      The party seeking relief must first establish a prima facie case that cause exists for relief under § 362(d)(1).  *United States v. Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009); *Duvar Apt. Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996).  Krohne Fund seeks relief from the stay to litigate its claims in the Civil Cause in the district court.  At the hearing on Krohne Fund's Motion, in response to queries by this Court, Krohne Fund's attorney Guthals admitted that Krohne Fund would not seek execution of any judgment against the Debtor without first returning to this Court to fully adjudicate dischargeability and discharge issues.  Guthals explained that litigating the Civil Cause in the district court would avoid a jurisdictional dilemma regarding this Court's authority, resulting from the United States Supreme Court decision in *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594, 2608, 2615, 2620 (2011), which may or may not

be resolved by the pending Supreme Court decision in *In re Bellingham Insurance Agency*, 702 F.3d 553 (9th Cir. 2012), *cert. granted*, 133 S.Ct. 2880, 186 L.Ed.2d 908 (2013).

Pretrial preparation has concluded and the Civil Cause case is ready for trial. Based on these facts, the Court finds that Krohne Fund has established a prima facie case that cause exists for relief from the stay under § 362(d)(1), and so the Debtor has the burden of proof to show that the stay should not be modified. *Mittlestadt*, 20 Mont. B.R. at 52; *Hungerford*, 19 Mont. B.R. at 133-34; 11 U.S.C. § 362(g)(2).

The Debtor testified that he does not have the financial ability to litigate the Civil Cause, and argues that Krohne Fund could simply file a proof of claim and, if necessary litigate Krohne Fund's fraud claims, discharge and dischargeability issues in a single trial instead of two trials. Under 28 U.S.C. § 157(b)(2)(B), core proceedings include allowance or disallowance of claims against the estate.

Federal law authorizes bankruptcy judges to hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. § 157(b)(1); *Bellingham*, 702 F.3d at 565. Bankruptcy judges have a narrower power to hear a proceeding that is not a core proceeding and to submit proposed findings of fact and conclusions of law to the district court for entry of final judgment. § 157(c)(1); *Bellingham*, 702 F.3d at 565-66.

The Debtor argues that this Court can decide Krohne Fund's fraud, contract and other claims for relief from the Civil Cause. However, § 157(b)(2)(O) specifically excludes from core proceedings personal injury tort claims. Krohne Fund's claims include a claim for punitive damages on its claim for actual fraud. Fraud is a claim found under Title 28, Chapter 2 ("Contracts") of the Montana Code Annotated ("MCA"), and actual fraud is defined at MCA §

28-2-405 ("What constitutes actual fraud"). "Actual fraud is always a question of fact." § 28-2-404.

With respect to matters excluded from core proceedings under § 157(b)(2)(O), this Court can hear the non-core claims and issue proposed findings of fact and conclusions of law to the U.S. District Court in Montana, where the Civil Cause is stayed. *See Bellingham*, 702 F.3d at 565-66.

The United States Supreme Court in *Stern v. Marshall*, _ U.S. _, 131 S.Ct. 2594, 2608, 2620, 180 L.Ed.2d 475 (2011), held that bankruptcy courts lack the constitutional authority to enter final judgments on state law counterclaims that are not resolved in the claims allowance process. Like *Bellingham*, the Supreme Court interpreted § 157(c)(1) as instructing bankruptcy judges to submit proposed findings in a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. *Stern*, 131 S.Ct. at 2604. The Supreme Court also wrote: "Core proceedings are, at most, those that arise in title 11 cases or arise under title 11." *Stern*, 131 S.Ct. at 2605. This Court notes that, at present, this is a no-asset case and no claims bar date has been fixed.

On the other hand, the Bankruptcy Appellate Panel ("BAP") of the Ninth Circuit has held that even after *Stern* the bankruptcy court may enter a monetary judgment on a disputed state law fraud claim in the course of determining that the debt is nondischargeable. *In re Deitz*, 469 B.R. 11, 21, 23-24 (9th Cir. BAP 2012), citing *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 (9th Cir. 1997). "Determining the scope of the debtor's discharge is a fundamental part of the bankruptcy process." *Deitz*, 469 B.R. at 20, quoting *Farooqi v. Carroll (In re Carroll)*, 464 B.R. 293, 312 (Bankr. N.D. Tex. 2011).

Applying this evolving case law to the instant Motion, the Debtor has not shown that any of the claims for relief asserted in the Civil Cause are core proceedings. On the contrary, from Ex. 1 it appears that all of Krohne Fund's claims for relief are based on State law. The claims pre-date this bankruptcy case, and do not arise in this case or arise under title 11. Thus, in considering whether Debtor satisfied it burden to show that relief from the stay should not be granted, this Court finds that all pending matters in the Civil Cause appear to be non-core proceedings.

Under *Stern* and *Bellingham*, this Court would, if it denies Krohne Fund's Motion, be required to submit to the district court proposed findings of fact and conclusions of law, while under *Deitz* and *Kennedy* this Court could enter a money judgment in a disputed fraud claim in the course of determining dischargeability. *Deitz*, 469 B.R. at 21; *Kennedy*, 108 F.3d at 1018. No adversary proceeding is pending, no proof of claim has been filed and no claims bar date has been set. No pretrial matters have been scheduled or completed in this Court.

If, on the other hand, the Court grants Krohne Fund's Motion and modifies the stay, the Civil Cause case is ready for jury trial and needs only a trial date to be reset. From a decision by the district court the losing party would be guaranteed only one level of appeal. Based upon the status of the Civil Cause, versus the barest preliminary stage in the instant case, this Court deems it appropriate in its exercise of its discretion to grant Krohne Fund's Motion and allow the parties to proceed to judgment in the Civil Cause in the district court, with the limitation that the stay shall remain in place to prohibit Krohne Fund from enforcing any judgment entered in the Civil

Cause without first requesting and obtaining further relief from this Court.[1]  The Court believes that this result will result in a more prompt determination of the parties' respective claims than if the case remains in this Court.

This Court's conclusion is bolstered by the Supreme Court's language in *Stern*:

Section 1334(c)(2), for example, requires that bankruptcy courts abstain from hearing specified non-core, state law claims that "can be timely adjudicated[] in a State forum of appropriate jurisdiction." Section 1334(c)(1) similarly provides that bankruptcy courts may abstain from hearing any proceeding, including core matters, "in the interest of comity with State court or respect for State law."

*Stern*, 131 S.Ct. at 2620.

Krohne Fund's state law claims are non-core, and can be timely adjudicated in the Civil Cause.  Granting relief from the automatic stay returns the parties to the legal position which they enjoyed prior to the imposition of the stay.  *In re Johnson*, 17 Mont. B.R. 318, 319 (Bankr. D. Mont. 1999); *Estate of B.J. McAdams v. Ralston Purina Co.*, 154 B.R. 809, 812 (N.D. Ga. 1993).  Thus, while the Court has flexibility in determining whether to grant Krohne Fund's Motion, by granting the Motion the Debtor retains whatever claims, defenses and remedies he may have against Krohne Fund in the district court Civil Cause.

In conclusion, this Court finds and concludes that the Debtor failed to satisfy his burden of proof to show that relief from the stay should not be granted, and the Court exercises its broad discretion and grants Krohne Fund's Motion to Modify Stay.  *Mataya v. Kissinger*, 72 F.3d at

---

[1] As to the preclusive effect of any default judgment entered in the Civil Cause, the general rule in Montana is that a default judgment is not entitled to collateral estoppel effect because there is no actual litigation of issues.  *Burns v. A Cash Construction Lien Bond*, 2000 MT 233, ¶ 10, 301 Mont. 304, 312-13, 8 P.3d 795, 800; *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000).  This Court notes that even if all requirements for collateral estoppel are present, the Court has the discretion "to decline to give issue preclusive effect to prior judgments in deference of countervailing considerations of fairness." *In re Lopez*, 367 B.R. 99, 108 (9th Cir. 2007).

108-109.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling Debtor's Objection and granting Krohne Fund's Motion to Modify Stay.

                BY THE COURT

                */s/ Ralph B. Kirscher*
                HON. RALPH B. KIRSCHER
                U.S. Bankruptcy Judge
                United States Bankruptcy Court
                District of Montana